IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL JEROME EVANS                                                    PLAINTIFF

V.                       NO. 3:05CV00129 JLH/JWC

STEVE MEDCALF, et al                                         DEFENDANTS

ORDER

On June 13, 2005, Plaintiff, a pro se pretrial detainee currently confined to the Craighead County Detention Center, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1). Plaintiff did not submit the $250.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**A prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $250.** Id. § 1915(b)(1). Method and timing of payment is the only issue to be resolved. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) (stating that all prisoner-litigants are "required to pay filing fees in full . . . the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Furthermore, federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Should Plaintiff's case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, **there is no provision for a refund of any portion of the filing fee to the prisoner**. 28 U.S.C. § 1915(e)(2)(B). In addition, this Court may sua sponte dismiss a prisoner's complaint at any

time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

So that the Court can determine how the $250.00 filing fee will be paid, Plaintiff is required to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility within thirty (30) days of this order's entry date. This calculation sheet reflects the deposits and monthly balances in the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full. Id. 1915(b)(1) and (2). However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." Id. 1915(b)(4).

In addition, as it now stands a portion of Plaintiff's complaint is too vague to enable the Court to determine whether it is frivolous or fails to state a claim for relief under § 1915A. Accordingly, Plaintiff is ordered to amend his complaint within thirty (30) days of this order's entry date and specifically state: (1) whether he intended to name the Craighead County Detention Center as a defendant in this action;[1] and (2) whether he

---

[1] Although Plaintiff names the detention center in the initial caption, he makes no specific allegations against the detention center in the body of the complaint. Further, he does not list the detention center as a defendant in paragraphs III B. or C. of the complaint. In any event, Plaintiff is advised that the Craighead County Detention Center is not an entity amenable to suit. A county jail is not a proper entity to sue under § 1983. Russell v. Mobile County Sheriff, No. CIV. A. 00-0410CBC, 2000 WL 1848470, at *2 (S.D. Ala., Nov. 20, 2000) (a subdivision of a sheriff's department, such as the jail, is not a legal entity that can be sued); Marsden v. Fed. Bhd. of Police, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (stating same); see also Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (police department is not suable entity, but rather is department or

sues Defendant Medcalf in an individual capacity, official capacity, or both. Plaintiff must set forth specific facts concerning his allegations including, where applicable, dates, times and places.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. The Clerk is directed to forward an in forma pauperis application and <u>calculation sheet</u> to Plaintiff.

2. Plaintiff is directed to submit either the $250.00 statutory filing fee <u>OR</u> to complete and sign the in forma pauperis application. At Plaintiff's request, an authorized official of the Craighead County Detention Center is directed to complete and sign the certificate portion of his in forma pauperis application, along **with the required calculation sheet**.

3. Plaintiff is directed to submit either the $250.00 statutory filing fee <u>OR</u> file the completed in forma pauperis application within thirty (30) days of this order's entry date.

4. Service is NOT appropriate at this time. Plaintiff is directed to file, within thirty (30) days of this order's entry date, an amended complaint that contains the information specified in this order.

---

subdivision of city government). Section 1983 authorizes imposition of liability against any person, who, acting under color of state law, subjects a citizen to deprivation of his federal rights. The term "person" in § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities acting under color of state law, and local entities and their officials sued in their official capacities. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989). Because the term "person" does <u>not</u> encompass a county jail, any claim Plaintiff wishes to pursue against Defendant Craighead County Detention Center could not survive.

**Plaintiff is advised that his failure to make a timely and complete response to this Court's order will result in the recommended dismissal of his case without prejudice.**[2]

IT IS SO ORDERED this 8th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."